**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CLINTON GREEN, SR.,

    Plaintiff,

vs.                                           Case No. 3:21-cv-506-MMH-MCR

CHARLES RETTIG, Acting
I.R.S. Commissioner or His
Replacement in Office,

    Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion for Summary Judgment (Doc. 6; Summary Judgment Motion), filed on June 10, 2021. Plaintiff initiated this action by filing an Affidavit of Truth (Doc. 1; Affidavit) on May 13, 2021. On June 10, 2021, along with his Summary Judgment Motion, Plaintiff filed a Complaint for a Civil Action (Doc. 3; Complaint).

"The law in [the Eleventh] [C]ircuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." Jones v. City of Columbus, Ga., 120 F.3d 248, 253 (11th Cir. 1997); Snook v. Trust Co. of Ga. Bank of Savannah, N.A., 859 F.2d 865, 870-71 (11th Cir. 1988) (instructing that "summary judgment should not be granted until the party opposing the motion

has had an adequate opportunity for discovery" and recognizing that opposing parties have a "right to utilize the discovery process to discover the facts necessary to justify their opposition to" a summary judgment motion); Kelsey v. Withers, 718 F. App'x 817, 820-21 (11th Cir. 2017) (affirming district court's decision to strike a premature summary judgment motion and explaining that "'[d]istrict courts have unquestionable authority to control their own dockets,' including 'broad discretion in deciding how best to manage the cases before them'" (internal quotation omitted)); Bradley v. Branch Banking & Trust Co., No. 3:15-cv-00012-TCB-RGV, 2015 WL 11422296, at *8 (N.D. Ga. July 30, 2015) (collecting cases) adopted by 2015 WL 11455759, at *2 (N.D. Ga. Aug. 24, 2015).

Because Plaintiff has yet to effect service of process upon Defendant, the Court will deny Plaintiff's Summary Judgment Motion without prejudice to Plaintiff filing a renewed motion for summary judgment at the appropriate time, after service of process and after an adequate period for discovery. See, e.g., Williams v. Drew, No. 5:11-cv-636-Oc-99TBS, 2013 WL 1181446, at *3 (M.D. Fla. Mar. 14, 2013) (denying summary judgment motion as premature where the court had not yet entered a case management and scheduling order and the parties had not exchanged any discovery); DeJesus v. Emerald Coast Connections of St. Petersburg, Inc., No. 8:10-cv-462-T-30TBM, 2010 WL 1839119, at *1 (M.D. Fla. May 4, 2010) (denying summary judgment motion as premature where parties had not yet engaged in discovery); Blumel v. Mylander,

2

919 F. Supp. 423, 428-29 (M.D. Fla. Mar. 12, 1996) (denying summary judgment motion as premature where motion was served on first day of discovery period and admonishing counsel that filing a premature motion not only disregards the opposing parties' discovery rights but also wastes judicial resources). The Court further finds that denial of the Summary Judgment Motion is warranted because any summary judgment motions filed in this case must take into consideration and be supported by the evidence disclosed during the discovery period. As the current Summary Judgment Motion cannot account for discovery not yet undertaken, it is due to be denied without prejudice. Accordingly, it is

**ORDERED**:

1. Plaintiff's Motion for Summary Judgment (Doc. 6) is **DENIED without prejudice** to Plaintiff filing a renewed motion for summary judgment at the appropriate time, <u>after</u> service of process and <u>after</u> an adequate period for discovery.

2. Plaintiff must effect service of process on Defendant in a timely manner. Failure to do so will result in a dismissal of this action.

**DONE AND ORDERED** in Jacksonville, Florida, this 15th day of June, 2021.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

3

ja

Copies to:

Counsel of Record
Pro Se Parties