UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CLINTON GREEN, SR.,

    Plaintiff,

vs.                                        Case No. 3:21-cv-506-MMH-MCR

CHARLES RETTIG, Acting
I.R.S. Commissioner or His
Replacement in Office,

    Defendant.
_____/

**O R D E R**

    **THIS CAUSE** is before the Court on Plaintiff's Response to Court Order Dated 10/9/2021 (Doc 13; Response). On September 10, 2021, the Court entered an Order to Show Cause directing Plaintiff to show cause why his claims against Defendant Charles Rettig, Acting I.R.S. Commissioner, should not be dismissed for failure to prosecute. See generally Order to Show Cause (Doc. 12; Show Cause Order). In the Show Cause Order, the Court explained that Plaintiff had failed to effect service of process on Defendant in a timely manner. Id. The Court noted that it had previously advised Plaintiff of the service requirements and cautioned him that failure to comply would result in the dismissal of this matter. See id. In his Response, Plaintiff asserts that he has sent the Commissioner "notice of any action recorded in the court," and

maintains that because the Commissioner has not challenged his submissions, the Court should not do so on its own initiative. See Response at 1-2. Plaintiff's Response evidences a fundamental misunderstanding of the Federal Rules of Civil Procedure (Rule(s)) that apply to his case. Although the Court recognizes that Plaintiff is proceeding pro se, he is still "required to comply with the rules of procedure." See LaCroix v. W. Dist. Kent., 627 F. App'x 816, 818 (11th Cir. 2015); Aning v. Fed. Nat'l Mortg. Assoc., 663 F. App'x 773, 776 (11th Cir. 2016) ("[W]e have consistently held that a pro se party must still follow the rules of procedure.").

Rule 4 governs the service of process in federal court. Specifically, Rule 4(c) instructs that after filing a complaint, a plaintiff is responsible for having a summons and the complaint served within the time allowed by Rule 4(m). See Rule 4(c)(1); see also Anderson v. Osh Kosh B'Gosh, 255 F. App'x 345, 347 (11th Cir. 2006) ("A plaintiff is responsible for serving the defendant with both a summons and the complaint within the time permitted under Rule 4(m)."). Rule 4 sets forth what constitutes a valid summons, and directs how service of the summons and complaint is to be accomplished, including the specific requirements for serving officers or employees of the United States. Pursuant to Rule 4(*l*), "proof of service must be made to the court." In addition, Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the

plaintiff—<u>must</u> dismiss the action without prejudice against that defendant or order that service be made within a specified time." <u>See</u> Rule 4(m) (emphasis added). Significantly, a defendant has no obligation to appear and defend a case until it is properly served, <u>see</u> Rule 12(a), and "[g]enerally, where service of process is insufficient, the court has no power to render judgment . . . ." <u>See</u> <u>Worldstar Comm'ns Corp. v. Feltman</u> (<u>In re Worldwide Web Sys., Inc.</u>), 328 F.3d 1291, 1299 (11th Cir. 2003).

As the Court stated in its Show Cause Order, the docket reflects that Plaintiff "has failed to effect proper service upon Defendant within the 90 days allowed by [Rule] 4(m)," and has not sought an extension of time in which to do so. <u>See</u> Show Cause Order at 1. Plaintiff responds to the Court's Show Cause Order by insisting that he has "always sent to the Commissioner notice of any action recorded in the court," and "informed the commissioner of [his] intent to file for a motion for summary judgement [sic] in affidavit form and asked him to reply if he did not agree." <u>See</u> Response at 1-2. However, as set forth above, merely sending "notice" to the Commissioner of this action is insufficient to satisfy the requirements of Rule 4. <u>See</u> <u>Marcus v. Postmaster Gen., U.S. Postal Serv. Se. Area</u>, 461 F. App'x 820, 822 (11th Cir. 2011); <u>see</u> <u>also</u> <u>Anderson</u>, 255 F. App'x at 348 ( "[A]ctual notice is not sufficient to cure defectively executed service."). And because Plaintiff has failed to effect proper service of process,

- 3 -

the fact that the Commissioner has not appeared or responded to this lawsuit is of no moment.

Moreover, the Court has the inherent power and indeed, the responsibility to "manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" See Equity Lifestyle Properties, Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)).  As such, "[t]he court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." Id. (citing Rule 41(b))  This power is "'necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court.'"  See Equity Lifestyle Properties, Inc., 556 F.3d at 1240 (quoting Durham v. Fla. East Coast Ry. Co., 385 F.2d 366, 367 (5th Cir.1967)).

In light of the foregoing, the Court will provide Plaintiff with **ONE FINAL** opportunity to properly effectuate service of process on Defendant. Plaintiff is cautioned that failure to file proof of proper service within the timeframe set forth in this Order will result in the dismissal of this action without further notice.

Accordingly, it is **ORDERED:**

Plaintiff shall have up to and including **December 10, 2021,** to effect proper service of process on Defendant in accordance with the requirements of

Rule 4, and file proof of such service on the Court docket. Failure to comply with the requirements of this Order will result in the dismissal of this action without further notice.

**DONE AND ORDERED** in Jacksonville, Florida this 4th day of November, 2021.

                                              MARCIA MORALES HOWARD
                                              United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Party