## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

CLINTON GREEN, SR.,

    Plaintiff,

v.           Case No. 3:21-cv-506-MMH-MCR

CHARLES RETTIG, Acting I.R.S.
Commissioner or His Replacement
in Office,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

  **THIS CAUSE** is before the Court on the Court's February 10, 2022

Order (Doc. 17).

  On February 10, 2022, the District Judge referred this matter to the

undersigned for a determination as to whether *pro se* Plaintiff, Clinton

Green, Sr., properly effectuated service of process on Defendant, Charles

Rettig, Acting I.R.S. Commissioner or His Replacement in Office, "and

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

whether Plaintiff complied with the requirements of timely service." (Doc. 17.)

Plaintiff initiated this action on May 13, 2021 by filing a document titled Affidavit of Truth. (Doc. 1.) On June 10, 2021, Plaintiff filed a Complaint to which he attached a copy of a U.S. Postal Service Certified Mail Receipt listing the recipient as Charles Rettig, Acting I.R.S. Comm., 1500 Pennsylvania Ave. N.W., Washington, D.C. 20220, and a U.S. Postal Service receipt for payment. (Doc. 3 at 5.) Plaintiff also filed, *inter alia*, a Motion for Summary Judgment, which the Court denied without prejudice on June 15, 2021. (*See* Docs. 6, 7, 11.) On September 10, 2021, the Court *sua sponte* entered an Order to Show Cause due to Plaintiff's failure to effectuate proper service upon Defendant within the 90 days allowed under Rule 4(m) of the Federal Rules of Civil Procedure or failure to seek an extension of time in which to do so. (Doc. 12 at 1.) The Court noted that Plaintiff had been "previously advised that he must effect service of process on Defendant in a timely manner, and that failure to do so would result in the dismissal of this matter," but he had failed to do so. (*Id.*) Thus, the Court directed that, no later than September 20, 2021, Plaintiff show cause "why the claims raised against Defendant should not be dismissed for failure to prosecute pursuant to Local Rule 3.10(a)." (*Id.* at 2.)

Plaintiff responded to the Order to Show Cause on September 23, 2021 ("Response") (Doc. 13).  On November 5, 2021, the Court entered an Order noting that in his Response, Plaintiff asserted "that he ha[d] sent the Commissioner 'notice of any action recorded in the court,' and maintain[ed] that because the Commissioner ha[d] not challenged his submissions, the Court should not do so on its own initiative." (Doc. 14 at 1-2.)  The Court observed that Plaintiff's Response demonstrated a "fundamental misunderstanding of the Federal Rules of Procedure (Rule(s)) that apply to this case," and that although Plaintiff is proceeding *pro se*, he must still comply with the Rules.   (*Id.* at 2.)  The Court also explained in detail the requirements for service of process in federal court pursuant to Rule 4.  (*Id.*)  The Court also explained that "merely sending 'notice' to the Commissioner of this action" was "insufficient to satisfy the requirements of Rule 4." (*Id.* at 3.)  As such, the Court provided Plaintiff with one last opportunity "to properly effectuate service of process on Defendant" and cautioned that his failure to file proof of service by December 10, 2021 would result in the dismissal of this action without further notice.   (*Id.* at 4-5.)

Pursuant to Rule 4, to serve the United States, a plaintiff must: (1) "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney

designates in a writing field with the court clerk—or [] send a copy of each by registered or certified mail to the civil-process clerk at the Untied States attorney's office"; (2) "send a copy of each by registered or certified mail to the Attorney General of the United States in Washington, D.C."; and (3) "if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer." Fed.R.Civ.P. 4(i)(1).  To serve a United States officer or employee in an official capacity, a plaintiff "must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed.R.Civ.P. 4(i)(2).  To serve a United States officer or employee "in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)." Fed.R.Civ.P. 4(i)(3).  Also,

> The Court must allow a party reasonable time to cure its failure to: (A) serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States; or (B) serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee.

Fed.R.Civ.P. 4(i)(4).

On November 9, 2021, the Clerk of Court issued a Summons in a Civil Action directed to Defendant, "Charles Rettig[,] I.R.S. Acting Commissioner[,] 1500 Pennsylvania Ave[.] NW[,] Washington, D.C. 20220." (Doc. 15.) On November 10, 2021, Plaintiff filed Proof of Service declaring that on November 9, 2021, he mailed the Summons by "USPS Certified Mail Receipt # 7020 3160 0001 1143 9176" to Charles Retting, Acting I.R.S. Comm[issioner]." (Doc. 16 at 1.) Plaintiff also attached a copy of the U.S. Postal Service Certified Mail Receipt, indicating that the mailing was directed to "Charles Retting, Act[ing] IRS Comm[issioner][,] 1500 Pennsylvania Ave. N.W.[,] Washington, D.C. 20220," and a receipt for payment. (*Id.* at 2.) A hand-written notation stating, "Summons Service Receipt" also appears on the copy of the receipts. (*Id.*)

Because Plaintiff brings his claims against Defendant Charles Rettig as Acting Commissioner for the IRS, who is a United States officer or employee sued in an official capacity, Plaintiff is required to serve the United States **and** must "also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed.R.Civ.P. 4(i)(2). To serve the United States, a plaintiff must serve both the United States attorney for the district in which the action is brought (in this case, the U.S. Attorney for the Middle District of Florida) and the Attorney General of the United States. *See* Fed.R.Civ.P. 4(i)(1).

Here, Plaintiff appears to have complied with the second requirement under Rule 4(i)(2), as he served a copy of the Summons and Complaint by registered or certified mail on the Commissioner.[3]  However, Plaintiff has not presented any evidence that he has also served a copy of the Summons and Complaint on the United States, which requires that he serve both the United States attorney for the district in which the action is brought (in this case, the U.S. Attorney for the Middle District of Florida) *and* the Attorney General of the United States.  *See* Fed.R.Civ.P. 4(i)(1).  As such, Plaintiff has not effectuated proper and timely service on Defendant in this case, and, therefore, has failed to comply with the Court's November 5, 2021 Order and Rule 4(m).

In light of the foregoing, and in light of the circumstances in this case, the undersigned respectfully recommends that Plaintiff's claims against Defendant be dismissed without prejudice for failure to perfect service of process and to comply with the Court's Orders.  *See* Fed.R.Civ.P. 4(m); *see also* M.D. Fla. R. 3.10.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's claims against Defendant be **DISMISSED without prejudice**, and the Clerk of Court be directed to **TERMINATE** any pending motions and close this case.

---

[3] It is unclear from the Proof of Service and attached receipts whether Plaintiff also included a copy of the Complaint along with the Summons.

**DONE AND ENTERED** at Jacksonville, Florida, on February 24, 2022.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

*Pro se* Plaintiff